UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Dina Cortez-Melton, on behalf of herself and others similarly situated,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**Capital One Financial Corporation and Capital One, National Association,**<br><br>        **Defendants.** | CIVIL ACTION NO. 3:19-cv-0127 |

## COMPLAINT

  Plaintiff Dina Cortez-Melton respectfully moves for judgment against Defendants Capital One Financial Corporation and Capital One, National Association, (collectively "Capital One" or "Defendants"):

### Introduction

  1.  This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"). Plaintiff who was employed by Capital One, hereby brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and others who are similarly situated current or former Compliance Testers, seeking unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violation. Plaintiffs regularly work or worked more than forty (40) hours per workweek for the Defendant without receiving overtime compensation as required under the FLSA. Capital One wrongly classified Plaintiff and other Compliance Testers as exempt from overtime under the FLSA.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Cortez-Melton is a resident of Virginia who was employed by Capital One most recently as a Compliance tester. Plaintiff was an "employee" as defined in the FLSA.

6. Capital One Financial Corporation is a foreign corporation, which has its principal office in Virginia.

7. Capital One, National Association is a foreign corporation, which has its principal office in Virginia.

8. On information and belief, the Defendants are related entities in the financial products and services industry. According to filings with the Virginia State Corporation Commission, both Defendants list their principal office as being located at 1680 Capital One Drive, McLean, Virginia 22102 and share the same registered agent. Plaintiff is currently unable to determine the precise corporate structure and relationship between Defendants. Defendants are an "employer" as defined by the FLSA.

## Factual Allegations

9. Cortez-Melton was hired by Capital one in 1999.

10. During the time frame relevant to this lawsuit, Cortez-Melton worked as a

Compliance Tester for Capital One

11. Cortez-Melton worked from Capital One's West Creek office complex in Goochland County, Virginia, and also worked remotely from home.

12. Capital One issued Cortez-Melton and other Compliance Testers iPhones and take-home laptops so that each could perform work for Capital One's benefit remotely and at all hours.

13. Cortez-Melton's duties included reviewing Capital One data in order to test for compliance with various regulatory rules and regulations.

14. Compliance Testers' primary duties involved attending meetings, reviewing data, cutting and pasting data, creating spreadsheets, following guidelines for data testing, sending and receiving emails, listening to recorded calls, and evaluating data to determine whether test criteria set by Capital One are met or not met, and ultimately whether or not regulatory compliance is achieved.

15. Neither Cortez-Melton nor other Compliance Testers set the policies or test criteria for Capital One. Rather, Capital One created and set the test criteria and compliance procedures which Plaintiff and other Compliance Testers were tasked with following.

16. Compliance Testers' duties involve applying the standards and criteria set by Capital One to sample data sets in order to determine whether Capital one is complying with various regulatory rules or requirements.

17. Compliance Testers are not required to exercise discretion or independent judgment involving matters of significance in carrying out their testing duties.

18. Cortez-Melton and other similarly situated Compliance Testers did not perform as a primary duty managerial tasks over other employees, such as: interviewing, selecting, or

training employees; setting employees' schedules or hours of work; directing employees' work; maintaining production or sales records; appraising employee productivity and efficiency; handling employee complaints and grievances; or disciplining employees.

19. Cortez-Melton and other similarly situated Compliance Testers did not perform work directly related to the management or general business operations of their employer such as: advising the management, planning, negotiating, purchasing, promoting sales, or business research and control.

20. Cortez-Melton and other similarly situated Compliance Testers did not perform work requiring advance knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

21. Cortez-Melton and other similarly situated Compliance Testers:

    a. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    b. did not perform work that affected business operations to a substantial degree;

    c. did not have authority to commit Defendants in matters that have significant financial impact;

    d. did not have authority to waive or deviate from established policies and procedures;

    e. did not have authority to negotiate and bind Defendants on significant matters; and

    f. were not involved in planning long- or short-term business objectives.

22. Based on the nature of Cortez-Melton's job duties, there is no FLSA exemption

that applies to preclude her or other Compliance Testers from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

23. Capital One paid Cortez-Melton on a salary basis, and classified her and other Compliance Testers as exempt from receiving overtime under the FLSA.

24. Cortez-Melton regularly worked in excess of 40 hours per week.

25. Capital One did not require Plaintiff to keep precise track of her hours worked.

26. Capital One does not have accurate timekeeping records of the exact hours worked by Plaintiff or other Compliance Testers.

27. Cortez-Melton typically began her workday from home at 7am. About three days per week she worked at Capital One's offices and two days she worked remotely from her home office. On afternoons that Cortez-Melton worked at Capital One's office, she typically picked up her daughter from school, and then logged-in remotely and worked additional hours from her home. Cortez-Melton typically worked through lunch, and worked late from home.

28. Capital One did not pay Cortez-Melton an overtime premium for all hours she worked over 40 per week.

29. Capital One knew or should have known that Cortez-Melton was working overtime hours without being paid.

30. Capital One received benefit of the work performed by Cortez-Melton.

31. Capital One is in possession of records (such as log-in records, emails, and instant messaging systems) which should reflect that Cortez-Melton was performing work for Capital One in excess of 40 hours per week.

32. Cortez-Melton sent and received work emails before and after the regular work day.

33. Defendants willfully violated the FLSA by misclassifying Plaintiff and other Compliance Testers as exempt under the FLSA in order to avoid paying overtime.

34. At all relevant times Defendants intended to deprive Plaintiff of the overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

35. Cortez-Melton was terminated by Defendants on or about May 24, 2018.

36. Defendants provided, and Cortez-Melton signed, a Letter of Agreement ("Agreement") which provided her severance pay in exchange for waiving certain claims against Defendants.

37. The release set forth in the Agreement did not waive claims arising under the FLSA.

38. The Agreement specifically provides that "any claims which cannot be lawfully waived are excluded from this General Release of Claims in this Agreement and by executing this Agreement you are not waiving any such claims."

39. FLSA claims may not be waived without approval from a court or the U.S. Department of Labor.

40. The terms of the Agreement make clear that the parties did not intend for the Agreement to cover any claims Cortez-Melton may have against Capital One under the Fair Labor Standards Act.

41. The Agreement is a contract of adhesion.

42. The Agreement was written by Capital One and its attorneys.

43. The Agreement states: "[if] you do not agree to the terms set forth in this Agreement, you will not receive any benefits."

44. The Agreement states that the severance "benefits" paid to Cortez-Melton "are good, valuable and consideration for your promises in this Agreement, including but not limited to the 'General release of Claims.'"

45. The Agreement states: "you represent that you…have properly reported all hours that you have worked and you have been paid all wages, overtime, commission, incentives, compensation, benefits, and other amounts that Capital One or any of the Released Parties should have paid you in the past."

46. The above quoted language is not a promise by Cortez-Melton.

47. The Agreement further states: "you understand and agree that the payments and benefits received by you from Capital One pursuant to this Agreement shall not be taken into account as compensation."

48. The above quoted language confirms that any recovery Cortez-Melton obtains in this lawsuit shall not be offset by any amount of severance paid to her under the Agreement.

## Collective Action Allegations

49. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a representative Plaintiff on behalf of similarly situated Compliance Testers.

50. Capital One employs, and has employed multiple persons in the same job functions and/or positions that Plaintiff occupies, including the job functions and/or positions that make up the job of "Compliance Tester" as set forth herein.

51. Compliance Testers perform, and have performed, functions which entitle them to payment of overtime compensation which they have not received.

52. Compliance Testers have been denied overtime wages in violation of the FLSA.

53. Capital One compensated, and continues to compensate, Compliance Testers on a

uniform compensation basis.

54. For at least the past three years, Capital One failed to keep records of the actual amount of hours Plaintiff and similarly situated Compliance Testers have worked.

55. On information and belief, Capital One's pay, administrative, recordkeeping, and supervisory operations are centrally managed as a single enterprise, and all or most Compliance Testers at Capital One are subject to common, uniform time-keeping and payroll practices.

56. Capital One has records of the identities and the job duties of its Compliance Testers and/or similarly situated employees who perform similar duties but may have different job titles, and can easily identify the scope of similarly situated putative plaintiffs.

57. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as Plaintiffs and are, or were, subject to the same pay practices, and have been employed within three (3) years of the date of the filing of this action.

58. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

59. The job duties of Plaintiffs, and those similarly situated to Plaintiffs, are specifically not exempt from the coverage of the FLSA.

60. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

61. Putative plaintiffs who are similarly situated former employees who have signed a severance "letter of agreement" may be under the impression that the "general release" contained in the letter would prohibit them from bringing a claim for overtime wages or joining in this

collective action. The FLSA claims for those who signed a severance letter with Capital One should be equitably tolled for such putative plaintiffs until such time that this action be certified as a collective action and notice sent to all putative plaintiffs informing them of their right to opt-in to this lawsuit.

### Count 1 – FLSA Overtime

62. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

63. At all times relevant herein, Plaintiffs was an "employee" of Capital One as that term is defined by 29 U.S.C. §203(e)(1).

64. At all times relevant herein, Capital One was an "employer" of the Plaintiff as that term is defined by 29 U.S.C. §203(d).

65. At all relevant times herein Plaintiff was not exempt from the overtime pay requirements of the FLSA, and was entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

66. Capital One failed to pay Plaintiff her overtime rate of pay for the time she worked beyond forty (40) hours in a workweek.

67. At all times relevant herein, Capital One was aware of the overtime requirements of the FLSA.

68. At all times relevant herein, Capital One knew or should have known that Plaintiff did not qualify for an exemption to the overtime pay requirements of the FLSA.

69. Capital One's failure to pay overtime compensation to the Plaintiff was willful and not in good faith.

## **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

A. an order granting conditional certification of a collective action to include notice of this action to all those similarly situated of their right to join, including specific instruction that those who have signed a severance release may still be eligible to opt-in and join as a plaintiff in this lawsuit;

B. money damages for all unpaid overtime compensation;

C. liquidated damages in an amount equal to all unpaid overtime owed to plaintiffs;

D. pre-judgment and post-judgment interest;

E. reasonable attorney's fees and costs expended in the prosecution of this case;

F. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**Dina Cortez-Melton**
Plaintiff


By:____/s/_____
Craig Juraj Curwood (VSB No. 43975)
Attorney for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
Email: ccurwood@curwoodlaw.com