**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DINA CORTEZ-MELTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-127-MHL |
| ) | |
| **CAPITAL ONE FINANCIAL CORPORATION** ) | |
| ) | |
| and ) | |
| ) | |
| **CAPITAL ONE, NATIONAL ASSOCIATION,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Capital One Services, LLC ("COS" or "Defendant"), incorrectly named as Capital One Financial Corporation ("COFC") and Capital One, National Association ("CONA", collectively with COFC, "Capital One"),[1] by counsel, and for its Answer to Plaintiff Dina Cortez-Melton's ("Plaintiff") Complaint states as follows:

**INTRODUCTION[2]**

1. Defendant admits that Plaintiff purports to bring a claim on behalf of herself and other current or former employees of Capital One seeking damages for violation of the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. § 210, *et seq.*, ("FLSA"), but denies that there is any merit to Plaintiff's claim. Defendant further denies that Plaintiff is

---

[1] COS was the entity that employed Plaintiff and is the only proper defendant in this matter. To the extent necessary and appropriate, COFC and CONA adopt and join in all of COS's answers, admissions, denials, and defenses as set forth herein.

[2] Defendant's use of Plaintiff's subheadings should not be construed as an admission of any kind on the part of Defendant.

entitled to any of the remedies she seeks or to any relief whatsoever. Defendant also states that it has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, denies that this case should be certified or can be maintained as a collective action under the FLSA. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

## PARTIES

5. Defendant admits that COS employed Plaintiff most recently as a Compliance Tester I. Defendant is without sufficient knowledge and information to admit or deny the state of Plaintiff's residency. The last sentence in Paragraph 5 of the Complaint states a legal conclusion to which no response is required. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits that COFC is a Delaware corporation with its principal place of business in Virginia.

7. Defendant admits that CONA is a national banking association with its main office in Virginia.

8. Defendant admits that CONA and COS are subsidiaries of COFC, and that these entities operate in the financial industry. Defendant admits the allegations in the second sentence of Paragraph 8 of the Complaint. Defendant is without sufficient knowledge and information to admit or deny the allegations in the third sentence of Paragraph 8 of the Complaint. The last sentence in Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

9. Defendant admits that COS hired Plaintiff in 1999. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff worked for COS as a Compliance Tester I from on or about May 8, 2016 through May 24, 2018. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint because it cannot ascertain from the Paragraph as drafted the time period to which "the time relevant to this lawsuit" refers. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that Plaintiff worked for COS at the West Creek Campus in Goochland County, Virginia and was given the opportunity as a Compliance Tester I to work remotely from home. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff and other Compliance Testers received company-issued laptops. Defendant also admits that Plaintiff had a company-issued iPhone. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that, as a Compliance Tester I, Plaintiff's duties included, but were not limited to, reviewing data to test for compliance with various regulatory rules and regulations. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint because the phrase "Capital One data" is vague and ambiguous. Therefore, Defendant denies the remaining allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21. Paragraph 21 of the Complaint, including subsections (a) through (f), states a legal conclusion to which no response is required. To the extent a response is required,

Defendant denies the allegations in Paragraph 21, including any allegations in subsections (a) through (f).

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23. Defendant admits that COS paid Plaintiff on a salary basis when she worked as a Compliance Tester I and classified her and other Compliance Testers as exempt from receiving overtime under the FLSA. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant admits that, as a Compliance Tester I, Plaintiff generally worked at the West Creek Campus three days a week and remotely from home two days a week. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant admits that, from time to time during her dates of employment with COS, Plaintiff performed work on COS's behalf. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff sent and received work emails. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff's employment with COS ended on or about May 24, 2018. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant admits the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff did not waive her right to assert claims arising under the FLSA on an individual basis. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38. Defendant admits that the Agreement contains the following sentence under the section entitled, "Claims Not Waived:" "You understand that any claims which cannot be lawfully waived are excluded from this General Release of Claims in this Agreement and by executing this Agreement you are not waiving any such claims."

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant admits that the Agreement was written by COFC. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43. Defendant admits that the Agreement includes the following sentence: "If you do not agree to the terms set forth in this Agreement, you will not receive any benefits set forth in this section titled 'Consideration for Signing'."

44. Defendant admits that the Agreement includes the following sentence: "You acknowledge and agree that the payments and other benefits provided for you in this Agreement are good, valuable, and sufficient consideration for your promises in this Agreement, including but not limited to the 'General release of Claims.'"

45. Defendant admits the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant admits that the Agreement includes the following sentence: "You understand and agree that the payments and benefits received by you from Capital One pursuant to this Agreement shall not be taken into account as compensation and no service credit shall be given after the Separation Date for purposes of determining the benefits payable under any other plan, program, agreement or arrangement of Capital One or its affiliates."

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

49. Defendant admits that Plaintiff purports to bring her claim on behalf of similarly situated Compliance Testers as a collective action under 29 U.S.C. § 216(b) ("FLSA"), but denies that there is any merit to Plaintiff's claim. Defendant further states that it has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is

7

required. To the extent a response is required, Defendant denies that this case should be certified or can be maintained as a collective action under the FLSA.

50. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant admits that COS has employed other persons in the Compliance Tester I position. Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. In addition, Paragraph 52 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant admits

that COS did not require Compliance Testers to fill out a time card reflecting their hours worked. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. Defendant further states that the allegations in Paragraph 57 of the Complaint constitute Plaintiff's proposed "collective" or "class" definition to which no response is required. To the extent a response is required, Defendant denies that this case should be certified or can be maintained as a "class" or "collective" action under the FLSA. Defendant further denies that the employees listed in the proposed collective are similarly situated or capable of being divided into subgroups that are similarly situated. To the extent Paragraph 57 contains factual allegations, they are denied.

58. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective

Action Allegations" is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. In addition, Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

60. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint because it cannot ascertain from the Paragraph as drafted the time period to which "[a]t all relevant times" refers. Therefore, Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, no response to Plaintiff's "Collective Action Allegations" is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint regarding what "impression" putative plaintiffs may be under, and therefore, it denies the allegations in the first sentence of Paragraph 61. Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

62. Defendant incorporates and restates its responses to Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Paragraph 63 of the Complaint states a legal conclusion to which no response is required.

64. Paragraph 64 of the Complaint states a legal conclusion to which no response is required.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant admits that it is aware of the FLSA's overtime requirements. Defendant denies the remaining allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

## FLSA RELIEF REQUESTED

The section of Plaintiff's Complaint under the heading "FLSA Relief Requested" constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever. Defendant further states that it has filed a motion to dismiss Plaintiff's collective action claim simultaneously with this Answer, and therefore, it denies that this case should be certified or can be maintained as a "class" or "collective" action under the FLSA.

The final sentence of Plaintiff's Complaint states a demand for a trial by jury to which no response is required.

Defendant denies all allegations in the Complaint not expressly admitted herein. Further, Defendant reserves the right to amend its responses to the above allegations as additional information becomes available.

## **AFFIRMATIVE AND OTHER DEFENSES**

WHEREFORE, having fully answered the allegations set forth in Plaintiff's Complaint, Defendant offers the following affirmative and other defenses, without admitting that it bears the burden of proof as to each of them.

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claim, and the claim of the proposed collective, is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and accord and satisfaction.

3. Plaintiff's claim, and the claim of the proposed collective, is barred, in whole or in part, by the applicable statutes of limitations.

4. Some or all of the claim for which Plaintiff and the proposed collective seeks compensation is barred by the *de minimis* work doctrine.

5. Some or all of the claim for which Plaintiff and the proposed collective seeks compensation is not compensable under the FLSA.

6. All actions taken by Defendant were taken in good faith and with reasonable grounds for believing that they were not in violation of the FLSA.

7. Any actions by Defendant did not recklessly disregard or willfully violate the FLSA.

8. Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff or the putative members of the collective action for periods in which Plaintiff or the putative members of the collective action were not engaged in work compensable under the FLSA.

9. Without assuming the burden of proof, Plaintiff does not state facts sufficient to certify a collective action pursuant to 29 U.S.C. § 216.

10. Without assuming the burden of proof, Plaintiff and some or all members of the proposed collective are not similarly situated to each other or to any other person for the purposes of the FLSA.

11. Certain putative members of the proposed collective are not entitled to join this action because they executed valid and enforceable waivers of the right to participate in any putative or certified class or collective action or proceeding in which Defendant is a party.

12. Plaintiff and some or all of the proposed collective were exempt from the FLSA's overtime and minimum wage provisions.

13. Defendant reserves the right to amend this Answer and/or plead additional defenses as additional information is obtained through further investigation and discovery.

Respectfully submitted,

**CAPITAL ONE SERVICES, LLC**

By:   /s/ Rodney A. Satterwhite

Rodney A. Satterwhite (VSB #32907)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(804) 775-1098
(804) 698-2163 (Facsimile)
rsatterwhite@mcguirewoods.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Craig Juraj Curwood (VSB #43975)
>Curwood Law Firm
>530 E. Main Street, Suite 710
>Richmond, Virginia 23219
>(804) 788-0808
>(804) 767-6777 (facsimile)
>ccurwood@curwoodlaw.com
>
>*Counsel for Plaintiff*

By: /s/ Rodney A. Satterwhite

>Rodney A. Satterwhite (VSB #32907)
>McGuireWoods LLP
>Gateway Plaza
>800 East Canal Street
>Richmond, Virginia 23219
>(804) 775-1098
>(804) 698-2163 (Facsimile)
>rsatterwhite@mcguirewoods.com
>
>*Counsel for Defendant*