IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DINA CORTEZ–MELTON,

        Plaintiff,

v.                                            Civil Action No. 3:19cv127

CAPITAL ONE FINANCIAL CORP., *et al.*,

        Defendant.

———————————————————

KATHY PACKETT,

        Plaintiff,

v.                                            Civil Action No. 3:20cv404

CAPITAL ONE SERVICES, LLC, *et al.*,

        Defendant.

———————————————————

JERRY D. WADE, JR.,

        Plaintiff,

v.                                            Civil Action No. 3:20cv415

CAPITAL ONE SERVICES, LLC, *et al.*,

        Defendant.

## MEMORANDUM OPINION

These matters come before the Court on Plaintiff/Counterclaim-Defendants Dina Cortez-Melton, Kathy Packett, and Jerry D. Wade Jr.'s (collectively, the "Former Employees") Motions

to Dismiss Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (the "Motions to Dismiss"). (Cortez-Melton, Mot. Dismiss, 3:19cv127, ECF No. 56; Packett, Mot. Dismiss, 3:20cv404, ECF No. 5; Wade, Mot. Dismiss, 3:20cv415, ECF No. 5.)[2] Defendants/Counterclaim-Plaintiffs Capital One Services, LLC, Capital One Financial Corporation, and Capital One National Association (collectively, "Capital One") responded in opposition, (ECF No. 58), and the Former Employees replied, (ECF No 59).

These matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[3] For the reasons that follow, the Court will grant in part and deny in part the Former Employees' Motions to Dismiss.

## I. Factual and Procedural Background

These matters arise from the Former Employees' employment with and subsequent termination by Capital One. Each Former Employee asserts that Capital One violated the FLSA

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] The Parties filed substantially similar motions and accompanying briefs in each case. *See Cortez-Melton v. Capital One Fin. Corp. et al.* (19cv127); *Packett v. Capital One Servs., LLC et al.* (3:20cv404); *Wade v. Capital One Servs., LLC et al.* (3:20cv415). Unless otherwise indicated, the Court will identify documents from each case by the original plaintiff's name. The Court will refer to the Parties' briefing by the ECF numbers within the briefing as entered in *Cortez-Melton v. Capital One Fin. Corp., et al.* (19cv127).

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cortez-Melton, Packett, and Wade assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The Court exercises supplemental jurisdiction over Capital One's Counterclaims because the allegations in the Counterclaims "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

2

by failing to pay them overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.[4]  Capital One, in turn, asserts in its counterclaims that the Former Employees breached binding severance agreements when they pursued collective action claims against Capital One.

### A.   The Former Employees Bring Complaints Against Capital One Asserting Collective Action Claims

Between 2018 and 2019, Capital One terminated Cortez-Melton, Packett, and Wade's employment.  (Cortez-Melton, Second Am. Compl. ¶ 36, ECF No. 51; Packett, Am. Compl. ¶ 10, ECF No. 2; Wade, Am. Compl. ¶ 39, ECF No. 2.)  Upon their termination, Capital One offered, and the Former Employees signed, severance agreements, (the "Severance Agreements"), which contained identical language purporting to waive the Former Employees' right to bring a collective or class action (the "Collective Action Waiver").[5]

---

[4] "Congress enacted the FLSA to combat the 'evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *Schilling v. Schmidt Baking Co.*, 876 F.3d 596, 599 (4th Cir. 2017) (quoting S. Rep. No. 75-884, at 4 (1937)).  "To that end, the FLSA establishes a federal minimum wage and requires employers to pay 'a rate not less than one and one-half times the regular rate' to employees who work more than [forty] hours in a single workweek." *Id.* (quoting 29 U.S.C. §§ 206(a), 207(a)(1)).

[5] The Collective Action Waiver states that:

> If any claim is not subject to release, to the extent permitted by law, you waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Capital One or any of the other Released Parties is a party.

(Cortez-Melton Countercl. Ex. A "Cortez-Melton Severance Agreement" 3, ECF No. 54-1; Packett Countercl. Ex. A "Packett Severance Agreement" 3, ECF No. 3-1; Wade Countercl. Ex. A "Wade Severance Agreement" 3, ECF No. 3-1.)  The Parties do not contest the validity and authenticity of these Severance Agreements.

Despite the language restricting collective or class actions, the three Former Employees brought collective actions against Capital One seeking to recover unpaid overtime based on alleged FLSA violations. Cortez-Melton, proceeding with Wade, brought a collective action on behalf of all similarly situated current or former Compliance Testers for Capital One. (*See* Cortez-Melton, 3:19cv127, Wade Not. Consent, ECF No. 4). Packett, proceeding with a now-dismissed Plaintiff, Karen Petruzzi, brought a collective action on behalf of all similarly situated current or former Process Managers for Capital One. (*See* Petruzzi, 3:19cv443, Compl. ¶¶ 1, 65, ECF No. 1.) In both the Cortez-Melton and Petruzzi matters, Capital One filed a counterclaim arguing that the Former Employees had breached the Collective Action Waiver in their Severance Agreements by bringing a collective action. (Cortez-Melton, ECF No. 13; Petruzzi, ECF No. 7.)

Because the language of the Collective Action Waiver mirrored those in several other cases before this Court, the Court ordered the parties in two related matters—represented by the same counsel in the matter at bar—to file cross-briefs concerning the validity of the Collective Action Waiver under the FLSA and the Age Discrimination in Employment Act ("ADEA"). *See Hutchens v. Capital One Services, LLC et al.*, Case No. 3:19cv546; *Stirnweis v. Capital One Services, LLC, et al.*, Case No. 3:19cv637. On June 8, 2020, the Court issued a Memorandum Opinion and Order in those two cases, finding the collective action waiver in similar Capitol One severance agreements valid and enforceable under federal law. *See Hutchens v. Capital One Servs., LLC*, No. 3:19cv546, 2020 WL 3053657 (E.D. Va. June 8, 2020)*, motion to certify appeal granted,* No. 3:19cv546, 2020 WL 6121950 (E.D. Va. Oct. 16, 2020)*, and motion to certify appeal denied,* No. 3:19cv546, 2021 WL 67201 (E.D. Va. Jan. 7, 2021). "Considering the text and structure of the FLSA and ADEA," the Court determined, in line with the United States

4

Court of Appeals for the Fourth Circuit precedent in *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), "that neither [the FLSA nor the ADEA] precludes an employee from waiving their right to proceed in a collective action in a severance agreement." *Hutchens*, 2020 WL 3053657, at *15.[6]

Four months later, on October 16, 2020, at the request of the Parties, this Court certified its decision in *Hutchens* for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), *Hutchens v. Capital One Servs., LLC*, No. 3:19cv546, 2020 WL 6121950, (E.D. Va. Oct. 16, 2020), which the United States Court of Appeals for the Fourth Circuit declined to review.  (Nov. 24, 2020 Fourth Circuit Order, No. 3:19cv546, ECF No. 52.)  Thereafter, Plaintiffs in *Hutchens* filed a Motion to Certify for Interlocutory Appeal pursuant to Rule 54(b), which this Court denied. *Hutchens v. Capital One Servs., LLC*, No. 3:19cv546, 2021 WL 67201, at *6 (E.D. Va. Jan. 7, 2021).  The Court's decision in *Hutchens* upholding the validity of the Collective Action Waiver currently stands.

Following this Court's decision in *Hutchens*, the Court, determining that a continued collective action was inappropriate in these matters given the existence of the Collective Action Waiver in each Severance Agreement, granted the Former Employees' Motions to Sever their

---

[6] Following this Court's decision in *Hutchens* upholding the validity of the collective action waivers, former Capital One employees have filed individual claims against the same Capital One defendants.  The undersigned currently has fifteen pending cases in different stages of litigation that involve similar or related claims brought against Capital One by individual plaintiffs that formerly worked at Capital One.  *See Cortez-Melton v. Capital One Fin. Corp. et al.* (19cv127); *Petruzzi v. Capital One Fin. Corp. et al.* (19cv443); *Hutchens v. Capital One Servs., LLC et al.* (19cv546); *Stirnweis v. Capital One Servs., LLC, et al.* (19cv637); *Ellis v. Capital One Servs., LLC, et al.* (20cv234); *Packett v. Capital One Fin.Corp. et al.* (20cv404); *Wade v. Capital One Fin. Corp. et al.* (20cv415); *Wade v. Capital One Fin. Corp. et al.* (20cv966); *Vales v. Capital One Servs., LLC, et al.* (20cv969); *Beggs v. Capital One Servs., LLC, et al.* (20cv982); *Lanius v. Capital One Servs., LLC, et al.* (20cv985); *Stirnweis v. Capital One Servs., LLC et al.* (20cv989); *Packett v. Capital One Servs., LLC et al.* (21cv10); *Johnson v. Capital One Servs., LLC, et al.* (21cv84); and, *Donnell v. Capitol One Servs. LLC, et al.* (21cv87).

two collective actions into four individual actions.  (Cortez-Melton, June 9, 2020 Mem. Order 3, ECF No. 49; Petruzzi, June 9, 2020 Mem. Order 3, ECF No. 39.)  The Court also granted the Former Employees' Motions to Amend their Complaints and allowed the Former Employees, with the consent of Capital One, to file amended complaints in each individual action following severance.  (*Id.* 3–4.)

### B.    The Former Employees File Amended Complaints without Collective Action Claims and Capital One Files Three Counterclaims

Each Former Employee timely filed their respective amended complaints, asserting individual claims for relief under the FLSA.  (Cortez-Melton, Second Am. Compl., ECF No. 51; Packett, Am. Compl., ECF No. 2; Wade, Am. Compl., ECF No. 2).  In each matter, Capital One answered and refiled their counterclaims,[7] again asserting that by having previously joined a collective action against Capital One, the Former Employees violated the terms of their Severance Agreements.  (Cortez-Melton, ECF No. 54; Packett, ECF No. 3; Wade, ECF No. 3).

Based on this purported breach of the Severance Agreement, Capital One asserts three counterclaims against each Former Employee:  (1) Specific Performance; (2) Breach of Contract; and, (3) Unjust Enrichment.  (*Id.* 17–20.)  Capital One seeks Specific Performance "in the form of a Court order prohibiting [the Former Employees] from asserting or participating in any lawsuit on a class or collective basis against the Released Parties."  (*Id.* 19.)  Under its Breach of Contract claim, Capital One seeks "compensatory damages equal to the consideration paid to [the Former Employees] in exchange for the enforceable promises, releases, waivers, and

---

[7] For the purpose of the Rule 12(b)(6) Motions to Dismiss, the Court will accept the well-pleaded factual allegations in Capital One's Counterclaims as true, and draws all reasonable inferences in favor of Capital One. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

representations [the Former Employees] made in the Agreement[s]." (*Id.* 20.)  Regarding Unjust Enrichment, Capital One states that it "would be inequitable for [the Former Employees] to accept and retain the Severance Pay or other benefits without fulfilling [their] promises, releases, waivers, and representations under the Agreement[s]." (*Id.* 21.)

In its Counterclaims, Capital One recounts the details of the employment and subsequent termination of each of the Former Employees.  (Cortez-Melton, Countercl. ¶¶ 5–15; Packett, Countercl. ¶¶ 5–6;  Wade, Countercl. ¶¶ 5–12.)  Specifically, Capital One states that it offered, and each of the Former Employees signed, the Severance Agreements.  (Cortez-Melton, Countercl. ¶ 31; Packett, Countercl. ¶ 25;  Wade, Countercl. ¶ 30.)  Pursuant to the Severance Agreements, Capital One paid the Former Employees a cash sum and conveyed other benefits. For instance, Capital One paid Cortez-Melton "$10,200.26, an amount equal to 8 weeks of Plaintiff's regular base pay received." (Cortez-Melton, Countercl. ¶ 14.)  Capital One similarly paid Packett "$28,920.05 in Severance Pay." (Packett, Countercl. ¶ 28.)  And Capital One paid Wade "$11,592.14, an amount equal to 8 weeks of [his] regular base pay." (Wade, Countercl. ¶ 14.)

In exchange for this consideration, the Severance Agreements required the Former Employees "to waive any right to bring or participate in a collective action under the FLSA or other class actions against [Capital One] and other released parties." (Cortez-Melton, Countercl. ¶ 20; Packett, Countercl. ¶ 15; Wade, Countercl. ¶ 20.)  Relevant to the matter at bar and as evaluated in *Hutchens*,[8] each of Former Employees' Severance Agreements contains the following provision:

---

[8] The Court addressed the same Collective Action Waiver in *Hutchens*.  2020 WL 3053657, at *4–5.

**Class or Collective Actions and Multi-Party Litigation Claims.**

> If any claim is not subject to release, to the extent permitted by law, you waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Capital One or any of the other Released Parties is a party.

(Cortez-Melton, Countercl. Ex. A "Cortez-Melton Severance Agreement" 3, ECF No. 54-1; Packett, Countercl. Ex. A "Packett Severance Agreement" 3, ECF No. 3-1; Wade, Countercl. Ex. A "Wade Severance Agreement" 3, ECF No. 3-1.) "Capital One," as defined in each Severance Agreement, encompasses "Capital One Financial Corporation, including its parents, subsidiaries, affiliates and other related entities and organizations." (Cortez-Melton, Countercl. ¶ 22; Packett, Countercl. ¶ 17; Wade, Countercl. ¶ 22.)

In signing their respective Severance Agreements, each Former Employee agreed that, should they violate the agreement, they would be responsible "for 'any direct or consequential damages suffered as a result of the breach,' 'any other damages or remedies otherwise available under this Agreement or applicable law,' and 'all reasonable costs and attorneys' fees." (Cortez-Melton, Countercl. ¶ 24; Packett, Countercl. ¶ 19; Wade, Countercl. ¶ 24.) Finally, each Former Employee acknowledged in the Severance Agreement "that any violation . . . will result in immediate, substantial and irreparable harm to Capital One which cannot be fully and adequately redressed by the award of monetary damages." (Cortez-Melton Countercl. ¶ 25; Packett Countercl. ¶ 20; Wade Countercl. ¶ 25.)

Capital One asserts that each Former Employee breached the Severance Agreement by participating in a collective action against Capital One before this Court. As to Cortez-Melton, Capital One states that she breached the Severance Agreement when "[o]n February 25, 2019, [Cortez-Melton] filed the Complaint . . . asserting a collective claim against Defendant under the

8

FLSA" and again on October 16, 2019, when she "filed an Amended Complaint [again] asserting multi-party claims." (Cortez-Melton, Countercl. ¶¶ 35–36.)  As to Packett, Capital One states she breached the Severance Agreement when "on June 14, 2019, [Packett] filed a Complaint as a named plaintiff in *Petruzzi, et al. v. Capital One Financial Corporation, et al.*, Case No. 3:19-cv-443 [and] assert[ed] a collective claim against Defendant under the FLSA."  (Packett, Countercl. ¶ 29.)  As to Wade, Capital One states he breached the Severance Agreement when he "filed a Notice of Filing of Consent to Become Party in *Cortez-Melton v. Capital One Financial Corporation, et al.*, Case No. 3:19cv127-MHL" and again when Wade "filed the Amended Complaint in *Cortez-Melton v. Capital One Financial Corporation, et* al., Case No. 3:19cv127-MHL asserting multi-party claims."  (Wade, Countercl. ¶¶ 34–36.)

Capital One states that it "suffered damages as a result of [the Former Employees'] breaches of the Agreement by, among other things, expending money and resources responding to and defending against [their] collective and multi-party claims."  (*See e.g.* Cortez-Melton, Countercl. ¶ 61.)

The Former Employees filed the Motions to Dismiss, arguing that their amended complaints rendered Capital One's counterclaims of no effect and otherwise challenging the sufficiency of the counterclaims.  Capital One responded, and the Former Employees replied.

## II.  Standard of Review

### A.    Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952

(4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").  Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555.  Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This analysis is context specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193.  The Court must assume all well pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus., Inc.*, 637 F.3d at 440)).  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679

10

### III.  Analysis:  Motions to Dismiss Counterclaims

The Court will grant in part and deny in part the Former Employees' Motions to Dismiss. First, the Court determines that Capital One cannot properly state a separate claim for specific performance of the Severance Agreements because Capital One seeks monetary relief for breach of contract and because the Former Employees are no longer participating in a collective action against Capital One.[9]  Second, the Court finds that Capital One states a plausible claim for breach of contract against the Former Employees and that the Former Employees' filing of amended complaints did not cure their reputed breach.  Third, the Court determines that Capital One does not state a claim for unjust enrichment against the Former Employees because an unjust enrichment claim cannot lie where an express contract—here, each Severance Agreement—governs the subject matter of the cause of action.

**A.      Count I:  Capital One Cannot State a Claim for Specific Performance
         Because Specific Performance Is Merely a Remedy, Not a Cause of Action**

The Court will grant the Motions to Dismiss Capital One's counterclaims for Specific Performance in Count I.  Because Capital One seeks monetary damages and the Former Employees are no longer engaged in a collective action against Capital One, Capital One cannot state a plausible claim for specific performance.

Under Virginia law, "[s]pecific performance constitutes an equitable remedy through which a plaintiff may be made whole after a breach of contract in lieu of a monetary award." *People, Tech., & Processes, LLC v. Bowhead Logs. Sols., LLC*, No. 1:17cv282, 2017 WL 2264476, at *4 (E.D. Va. May 23, 2017); *see also Vienna Metro LLC v. Pulte Home Corp.*, 786

---

[9] Each Severance Agreement states that it "shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia."  (Cortez-Melton, Severance Agr. 9–10; Packett, Severance Agr. 9; Wade, Severance Agr. 10.)  The Parties do not dispute the application of Virginia law.

F. Supp. 2d 1076, 1088 (E.D. Va. 2011) ("When a remedy at law is inadequate to compensate for non-performance, specific performance may be decreed."). Where a plaintiff "seeks money damages for its alleged injuries, [a] request for specific performance is improper." *People, Tech., & Processes*, 2017 WL 2264476, at *4. "Specific performance may be granted or refused under established equitable principles and the facts of a particular case." *Vienna Metro*, 786 F. Supp. 2d at 1088.

Capital One's claim for specific performance in Count I must falter for two reasons. First, because Capital One seeks monetary damages for the same injury in its breach of contract claim, it cannot simultaneously maintain a claim for specific performance. In its Counterclaim, Capital One asserts that it "is entitled to specific performance in the form of a Court order prohibiting Plaintiff from asserting or participating in any lawsuit on a class or collective basis against [Capital One]." (*See, e.g.*, Cortez-Melton, Countercl ¶ 52.) But in Count II, Capital One explicitly seeks a remedy at law to compensate it for the Former Employees' alleged breach of contract in the form of monetary damages. (*Id.* ¶ 62.) Therefore, because Capital One "seeks money damages for its alleged injuries," its "request for specific performance is improper." *People, Tech., & Processes*, 2017 WL 2264476, at *4.

Second, "under established equitable principles and the facts of [these] particular case[s]," *Vienna Metro*, 786 F. Supp. 2d at 1088, Capital One cannot show that its requested relief, a court order preventing the Former Employees from asserting a collective action against Capital One, is necessary to make Capital One "whole." *People, Tech., & Processes*, 2017 WL 2264476 at *4. As Capital One admits, the Former Employees "no longer assert[] a putative collective or multi-party claim" against Capital One. (*See, e.g.*, Cortez-Melton, Countercl. 17 n.4.) Under such circumstances, a court order prohibiting the Former Employees from

participating in a collective action would unnecessarily reaffirm previous decisions of this Court. Thus, because the Former Employees are no longer participating in a collective action against Capital One, the Court declines to issue an order barring the Former Employees from asserting a collective action when they are already precluded from doing so.

Because Capital One seeks monetary damages and because the Former Employees are no longer engaged in a collective action against Capital One, the Court finds that its claim for specific performance fails. The Court will grant the Former Employees' Motions to Dismiss Count I and dismiss Capital One's Counterclaim for Specific Performance.

**B.      Count II:  Capital One States a Claim for Breach of Contract Because It Satisfactorily Pleads the Elements of a Breach of Contract Claim and the Former Employees' Filing of Amended Complaints Did Not Cure their Alleged Breach or Moot Capital One's Counterclaims**

The Court will deny the Motions to Dismiss Capital One's claims for Breach of Contract in Count II. Here, the Court finds that Capital One alleges plausible facts to show that the Former Employees, by participating in a collective action against Capital One, breached their obligations under the Severance Agreements, causing Capital One to suffer an injury.

### 1.      Legal Standard:  Contract Interpretation Under Virginia Law

The principles governing contract interpretation in the Commonwealth of Virginia are well established. *Wood v. Symantec Corp.*, 872 F. Supp. 2d 476, 481 (E.D. Va. 2012). "Under Virginia law, '[c]ontracts are construed as written, without adding terms that were not included by the parties.'" *Harris v. Mariner Fin. LLC*, No. 3:18cv588, 2019 WL 4060336, at *7 (E.D. Va. Aug. 28, 2019) (quoting *TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C.*, 557 S.E.2d 199, 200 (Va. 2002)). When the language of a contract is "clear and unambiguous, the contract must be construed according to its plain meaning." *Parikh v. Family Care Ctr., Inc.*, 641 S.E.2d 98, 100 (Va. 2007); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 405 (4th Cir.

1998) ("Virginia strictly adheres to the 'plain meaning' rule, entitling the parties to rely on the express terms of the written agreement"). "Importantly, '[w]ords that the parties used are normally given their usual, ordinary, and popular meaning.'" *Chesapeake Bay Enters., Inc. v. Chesapeake Tr.*, No. 3:15cv35, 2015 WL 5786831, at *3 (E.D. Va. Sept. 30, 2015) (quoting *D.C. McClain, Inc. v. Arlington Cnty.*, 452 S.E.2d 659, 662 (Va. 1995)). "No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly." *Id.*

Where possible, the "court must read the contract as a single document, the meaning of which is gathered from all its associated parts when assembled as the unitary expression of the agreement of the parties." *First Am. Title Ins. Co. v. Seaboard Savs. & Loan Ass'n.*, 315 S.E.2d 842, 845 (Va. 1984) (internal citations omitted). Courts must look to "the intention of the parties as expressed by them in the words they have used, and . . . are bound to say that the parties intended what the written instrument plainly declares." *Meade v. Wallen*, 311 S.E.2d 103, 104 (Va. 1984) (internal citations omitted).

"To state a claim for breach of contract under Virginia law, a plaintiff must plausibly allege in federal court: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and, (3) an injury or harm caused by the defendant's breach." *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 860 (E.D. Va. 2016) (citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)).

### 2.      Capital One States the Elements of a Breach of Contract Claim

Drawing all reasonable inferences in Capital One's favor, Capital One plausibly pleads all three prongs of a breach of contract claim in Count II.

14

Turning to the first prong—a legally enforceable obligation—Capital One plausibly pleads that the Former Employees owed "a legally enforceable obligation" to Capital One through the Severance Agreements. *Hardnett*, 204 F. Supp. 3d at 860 (citing *Filak*, 594 S.E.2d at 614). Specifically, each Former Employee signed a Severance Agreement in return for consideration that waived their ability to proceed in a class or a collective action through language stating that:

> [i]f any claim is not subject to release, to the extent permitted by law, *you waive any right or ability to be a class or collective action* representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Capital One or any of the other Released Parties is a party.

(Cortez-Melton, Severance Agreement 3; Packett, Severance Agreement 3, Wade, Severance Agreement 3.) This Court has previously found that this Collective Action Waiver is "valid and enforceable under federal law." *Hutchens*, 2020 WL 3053657, at *6. Capital One thus plausibly pleads the existence of a "a legally enforceable obligation," *Hardnett*, 204 F. Supp. 3d at 860 (citing *Filak*, 594 S.E.2d at 614), sufficient to satisfy the first prong of a breach of contract claim.

As to the second prong—breach of that obligation—Capital One plausibly states that the Former Employees breached their obligation when they participated in a collective action against Capital One contrary to the terms of their Severance Agreements. For instance, regarding Packett, Capital One submits that "[b]y filing the Complaint as a named plaintiff in *Petruzzi, et al. v. Capital One Financial Corporation, et al.*, Case No. 3:19-cv-443," and "asserting and pursuing a collective claim against Defendant under the FLSA, [Packett] breached her contractual obligations owed to Defendant." (Packett Countercl. ¶ 51.) The Former Employees do not challenge the sufficiency of Capital One's allegations on this element; indeed, none of the Former Employees contest that they previously participated in a collective action against Capital

15

One. (*See* Mem. Supp. Mot. Dismiss 5 ("Capital One's resubmitted counterclaim is premised on a *prior* collective action pleading." (emphasis added).)

As to the third prong—injury or harm caused by the breach—Capital One plausibly asserts that it "suffered damages as a result of [the Former Employees'] breaches of the Agreement by, among other things, expending money and resources responding to and defending against [the Former Employees'] collective and multi-party claims." (Countercl. ¶ 61.) This assertion, at this procedural posture, satisfies the third element of a breach of contract claim.[10]

Drawing all reasonable inferences in favor of Capital One, the Complaint plausibly states a cognizable claim for breach of contract.

> ### 3. The Former Employees Did Not Cure Their Alleged Breach of the Severance Agreements or Otherwise Moot Capital One's Counterclaim by Filing Their Amended Complaints

The Former Employees did not cure their alleged breaches by filing Amended Complaints without collective action claims.

The Former Employees contend that the filing of their amended complaints rendered Capital One's counterclaims moot. (Mem. Supp. Mot. Dismiss 3, ECF No. 57). In support of this argument, the Former Employees reason that an "amended complaint supersedes the original

---

[10] Although this Counterclaim survives the Motions to Dismiss stage, the Court recognizes that it may ultimately prove difficult for Capital One to establish harm or injury as required for a breach of contract claim. Capital One now stands to defend fifteen individual cases against it before this Court. The Court notes that any expenditure required to defend against "Plaintiff's collective and multi-party claims" may very well be less than Capital One's current expenses in litigating the number of individual cases presently asserted against it. (Cortez-Melton, Countercl. ¶ 61.) After the pleadings stage, Capital One must demonstrate how defending itself against the collective and multi-party claims caused more injury or monetary harm than the resources necessary to defend itself against the current fifteen cases pending before the Court. *See, e.g.*, *Balt. Reg'l Joint Bd. v. Webster Clothes, Inc.*, 596 F.2d 95, 98 (4th Cir. 1979) (per curiam) ("to be entitled to compensatory damages for contract breach, a party must have suffered some legally cognizable loss, be it manifestly monetary or measurable in monetary terms").

complaint and becomes the operative complaint in the case." (*Id.*)  Therefore, where

counterclaims "incorporate[] allegations in a plaintiff's superseded complaint," the Former

Employees assert those counterclaims also should be considered "of no effect." (*Id.* 4–5

(quoting *Lujan v. Chowan Univ.*, No. 2:17cv57, 2018 WL 3763121, at *3 (E.D.N.C. Aug. 8,

2018).)  The Former Employees argue that because Capital One's counterclaims are "entirely

premised on Plaintiff[s] 'participat[ing]' in a collective 'action or proceeding'" and thus

"necessarily rel[y] on allegations from superseded pleadings," they are similarly "of no effect."

(*Id.* 4–5 (quoting *Lujan*, 2018 WL 3763121, at *3).)

      As a general matter, "a counterclaim is independent from an answer and, thus . . .

revisions to a complaint do not require revisions to a counterclaim." *Carnell Const. Corp. v.

Danville Redevelopment & Hous. Auth.*, No. 4:10cv07, 2012 WL 178341, at *23 n.9 (W.D. Va.

Jan. 23, 2012), *aff'd in part*, 745 F.3d 703 (4th Cir. 2014) (internal citations omitted) (affirming,

in part, district court findings but not discussing any necessity of revisions of counterclaims after

amended complaint); *see also Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678,

706 (D. Md. 2011) (same).  In this sense, a "counterclaim shares more with a complaint, setting

out claims against the other party, than it does with the answer." *Hughes v. Abell*, 867 F. Supp.

2d 76, 91 (D.D.C. 2012) (internal citations omitted).  Additionally, "[a] plaintiff's filing of an

amended complaint does not moot a counterclaim alleged within an answer to the original

complaint." *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*, No.

3:17cv1436, 2018 WL 3970094, at *7 (S.D. Cal. Aug. 20, 2018) (citing *Hayden v. Ariz. Pool &

Fountain Guys, LLC*, No. 16cv840, 2016 WL 9456363, at *1 (D. Ariz. Aug. 2, 2016) (because

"[w]hile an amendment to a complaint requires revisions to answer, it does not necessitate

revisions to a counterclaim," counterclaims are not "mooted by [an] Amended Complaint")).

Here, Capital One's counterclaim allegations rely on the independent legal consequence of the Former Employees' decision to join in a collective action through their initial complaints. Put another way, Capital One's counterclaims do not rely on the factual allegations in the Former Employees' superseded complaints but on the fact that those complaints were filed. As a result, the counterclaims do not rely on the factual allegations in the Former Employees' initial complaints and are not mooted by the filing of amended complaints.[11] Rather, the Former Employees allegedly breached their Severance Agreements when they joined the collective action as reflected in their initial claims.

While the Former Employees cite *Lujan v. Chowan University* to argue that the Court should dismiss the Counterclaims, that case does not persuade because it is factually and legally distinct. 2018 WL 3763121, at *3. In *Lujan*, the counterclaim-plaintiff asserted a declaratory judgment counterclaim that expressly incorporated the factual allegations from the original plaintiff's complaint. *Id.* When the *Lujan* Court granted the original plaintiff leave to file an amended complaint, it also directed the counterclaim-plaintiff to "refile any counterclaims with deference to the second amended complaint in conjunction with [its] answer." *Id.* In contrast, this Court has not directed Capital One, the Counterclaim–Plaintiffs, to refile their counterclaims. Additionally, Capital One's counterclaims do not incorporate any factual allegations in the Former Employees' initial complaints. Instead, the counterclaims rely only on

---

[11] By way of comparison, courts have found that where a plaintiff has breached a binding forum selection clause in his or her contract that the same plaintiff's consent to a motion to transfer to the proper forum does not "somehow 'void[]' his [or her] breach of the forum selection clause" or preclude damages under the contract. *Ladd v. Chemonics Int'l, Inc.*, 603 F. Supp. 2d 99, 123 (D.D.C. 2009). Here too, the Former Employees could not "void" their breach by filing amended complaints because, even after amendment, they still had participated in a collective action against Capital One just as the plaintiff in *Ladd* had at one point filed in an improper jurisdiction. *Id.*

the Former Employees' previous actions, bringing the collective action claims, that allegedly violated the terms of their Severance Agreements.[12]

Because Capital One alleges plausible facts to show that the Former Employees breached a legally enforceable obligation causing Capital One cognizable harm, and the Former Employees have not mooted or otherwise cured their alleged breach by filing amended complaints, the Court will deny the Motions to Dismiss Capital One's Breach of Contract counterclaim in Count II.

### C.     Count III:  Capital One Does Not State a Claim for Unjust Enrichment Because a Contract Exists Between Capital One and the Former Employees

The Court will grant the Motions to Dismiss Capital One's claims for Unjust Enrichment. Because an express contract exists between Capital One and the Former Employees concerning the subject matter of Capital One's counterclaims, the contract stands before the Court, and no party disputes the authenticity or validity of the contract, Capital One cannot bring an equitable claim for unjust enrichment.

---

[12] The Former Employees also argue that Capital One's breach of contract claim is barred by the law of the case doctrine because this Court previously found, upon granting the Former Employees' motions to sever, that the Former Employees will no longer "be involved in a collective action against Capital One."  (Reply Mot. Dismiss Countercl. 9, ECF No. 59 (citing June 9, 2020 Mem. Order at 3–4, ECF No. 49).)  The law of the case doctrine stipulates that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 807 (E.D. Va. 2007) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988)).  However, the Court sees no inconsistency between its current finding that Capital One pleads a cognizable counterclaim for breach of contract and its previous decision to grant the Former Employees' Motions to Sever.  Once the Court granted the Motions to Sever, the Former Employees were no longer involved in a collective action against Capital One.  However, their change in status did not erase Plaintiffs' previous actions in bringing a collective action claim against Capital One.

1.     **Legal Standard:  Unjust Enrichment**

"Under Virginia law, unjust enrichment is an implied contract action based on the

principles of equity." *Butts v. Weltman, Weinberg & Reis Co.*, No. 1:13cv1026, 2013 WL

6039040, at *2 (E.D. Va. Nov. 14, 2013) (citations omitted).  "A claim for unjust enrichment is

quasi-contractual in nature and requires a plaintiff to show:  (1) it conferred a benefit on the

defendant; (2) the defendant 'knew of the benefit and should reasonably have expected to repay

[the plaintiff];' and (3) the defendant 'accepted or retained the benefit without paying for its

value.'" *Willis N. Am. Inc. v. Walters*, No. 3:10cv462, 2011 WL 1226032, at *3 (E.D. Va. Mar.

30, 2011) (quoting *Schmidt v. Household Finance Corp.*, 661 S.E.2d 834, 838 (Va. 2008)

(citation omitted)).

"A condition precedent to the assertion of . . . a claim [of unjust enrichment] is that no

express contract exists between the parties." *Butts*, 2013 WL 6039040, at *3 (citation omitted).

"There can be no recovery in *quantum meruit* where a valid express contract between the parties

exists.  Parties to an express contract are entitled to have their rights and duties adjudicated

exclusively by its terms." *Id.*  (internal quotation marks and citation omitted).

2.     **Capital One Cannot State a Claim for Unjust Enrichment Because a
       Contract Exists Between Capital One and the Former Employees**

Capital One cannot plead a plausible claim for unjust enrichment against the Former

Employees because the Severance Agreements governs Capital One and the Former Employees'

relationships relating to the subject matter at hand.

As other courts in the Eastern District of Virginia have stated, "[a] condition precedent to

the assertion of . . . a claim [of unjust enrichment] is that no express contract exists between the

parties." *Id.* (citation omitted).  Here, an express contract between Capital One and each Former

Employee—the respective Severance Agreements—exists and covers the subject matter of the

present dispute. *See id.* The Parties do not dispute the authenticity of the Severance Agreement as part of the record before the Court. Indeed, Capital One premises its Unjust Enrichment counterclaim entirely on the sums of money paid to the Former Employees under the terms of those Severance Agreements and seeks restitution of those sums to account for each Former Employee's respective breach. (*See* Cortez-Melton, Countercl. ¶¶ 65–66 ("[Capital One] made the Severance Payment to [Cortez-Melton] in the gross sum of $10,200.26 . . . . provided to Plaintiff in reliance on the expectation that she would refrain from instituting or participating in any lawsuit asserting claims that *she had waived in the Agreement.*") (emphasis added.) Capital One's Unjust Enrichment Claim in Count III covers the same subject matter as its Breach of Contract Claim in Count II. Because the Severance Agreements govern the relationships at hand, Capital One and the Former Employees are entitled to have their rights and duties adjudicated exclusively by the terms of those contracts, meaning Capital One cannot bring an unjust enrichment claim.

Because an express contract exists concerning the Parties' rights, the Court cannot consider an unjust enrichment claim or implied contractual action. The Court must therefore grant the Former Employees' Motions to Dismiss Capital One's Unjust Enrichment Claim in Count III. The Court will dismiss Capital One's Counterclaim for Unjust Enrichment against Cortez-Melton, Packett, and Wade in Count III.

21

## IV.  Conclusion

For the foregoing reasons, the Court will grant in part and deny in part the Former

Employees' Motions to Dismiss.  The Court will dismiss Counts I and III of Capital One's

Counterclaim without prejudice.  Capital One's counterclaim for Breach of Contract in Count II

remains against the Former Employees.

An appropriate Order shall issue.

        /s/

M. Hannah Lauck
United States District Judge

Date: 2/26/2021
Richmond, Virginia